UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cambria Company LLC, | Case No. 22-CV-459 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER ON MOTION FOR FURTHER CONSIDERATION OF CONTINUED SEALING** |
| Disney Worldwide Services, Inc. | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion for Further Consideration of Continued Sealing (Dkt. No. 44), pursuant to Local Rule 5.6. The Court held a hearing on this motion on February 23, 2023. (Hr'g Mins., Dkt. No. 54.) Bryan Freeman, Esq. represented Plaintiff Cambria Company LLC ("Cambria") and Sybil Dunlop, Esq. represented Defendant Disney Worldwide Services, Inc ("Disney"). (*Id.*) The Court denies the motion because Disney has not shown that its interest in sealing a contract, which is at the core of this business dispute, outweighs the public's presumptive right to access court records. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

**I.     Background**

Plaintiff Cambria, a producer of quartz products, sued Defendant Disney for breach of contract, claiming that Disney failed to pay more than $500,000 it owed to Cambria under the parties' Blanket Purchase Agreement ("Agreement"). (Complaint ¶ 1, Dkt. No. 1). The parties filed a Joint Motion Regarding Continued Sealing (Dkt. No. 36) in which they disagreed about whether the Blanket Purchase Agreement (Decl. of Sybil L. Dunlop,

1

Ex. A, Dkt. No. 22) between Cambria and Disney should remain under seal (Joint Motion Regarding Continued Sealing at 2–4, Dkt. No. 36). Disney filed the Agreement with the Court under seal in support of its Motion to Dismiss for Lack of Jurisdiction. (Dunlop Decl., Ex. A.) The Agreement was executed in 2016. (*Id.*) Attachment A of the Agreement includes product pricing data, information related to Cambria's Rebate Program, plus freight and pricing terms. (*Id.*) Attachment B contains terms and conditions relating to purchase orders. (*Id.*)

In the Joint Motion, Disney argued that the Agreement should remain sealed in its entirety because the parties agreed to keep the document confidential and memorialized this intention in a confidentiality clause. (Joint Motion at 2–3.) It also argued that its contract terms are proprietary and that Disney would be prejudiced if the terms became public. (*Id.*) Cambria replied that the Agreement consists primarily of general contract language and that the continued sealing of the Agreement would create inefficiencies and increase costs because the terms of the agreement are directly at issue in this case. (*Id.* at 3–4.) Cambria advocated for the unsealing of the Agreement, with the exception of the two attachments, which it argued could be redacted. (*Id.*)

Upon review, the Court found that the Agreement contained "only limited information for which there [was] good cause for continued sealing." (Order 2, Dkt. No. 40.) The Court directed Disney to file a public version of the contract, redacting only Attachment A. (*Id.*) On the same day that the Court issued its Order on the Joint Motion Regarding Continued Sealing, the District Court issued its Memorandum Opinion and

2

Order Denying Defendant's Motion to Dismiss. (Memorandum Opinion, Dkt. No. 39.) The District Court referenced the contents of the Agreement in its order. (*Id.* at 4.)

Pursuant to Local Rule 5.6(d)(3), Disney filed a timely Motion for Further Consideration of Continued Sealing (Dkt. No. 44) asking the Court to reconsider its position on the sealing of the agreement.

## II.     Legal Standards

Motions for further consideration of continued sealing are governed by Local Rule 5.6(d)(3), which states:

> Within 28 days after entry of the magistrate judge's order disposing of a joint motion regarding continued sealing under LR 5.6(d)(2), a party or nonparty may file a motion for further consideration by the magistrate judge.

While the rule does not specify a standard that parties must meet for the Court to change prior sealing determinations, Eighth Circuit precedent does.

There is a common-law right of access to judicial records so the public can "keep a watchful eye on the workings of public agencies," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), and evaluate courts' decisions for themselves, *IDT Corp.*, 709 F.3d at 1222. But that right is not absolute and "requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The Court must weigh the public's interest in accessing a judicial record against a party's interest in maintaining the confidentiality of the information in that record. *IDT Corp.*, 709 F.3d at 1223. The rebuttable presumption of public access "may be overcome if the party seeking to keep the records under seal provides *compelling reasons* for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (emphasis added).

If the judicial record at issue is central to the court's "exercise of Article III judicial power in the case," the presumption of public access has greater weight. *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, at 1049 (2d Cir. 1995)). Thus, the rebuttable presumption of access is harder to overcome for documents filed with dispositive motions. *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1042–43 (D. Minn. 2021). Courts in this district have routinely recognized that a party seeking to seal such documents faces a heightened burden. *See, e.g.*, *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007); *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 10440735 at *4 (D. Minn. June 20, 2018) ("Common sense leads to the conclusion that the public's interest in filings that underlie a dispositive decision in a case is greater than its interest in filings that underlie a discovery decision.").

**III.   Analysis**

Disney argues that the Agreement should remain sealed in its entirety for two reasons: (1) the Agreement includes contract terms that are proprietary and confidential, the release of which would cause competitive harm to Disney; (2) the Agreement contains a confidentiality clause. However, neither argument presents a "compelling reason" to overcome the presumption of public access to judicial records filed in connection with a dispositive motion.

**A.   The Competitive Harm of Unsealing the Contract Terms is Not Great.**

Disney argues that it will suffer competitive harm if the Agreement is unsealed. Specifically, Disney argues that it may suffer competitive harm in future negotiations with

other vendors if the specific contractual terms of its Agreement with Cambria are made public. (Def.'s Mot. for Further Consideration of Continued Sealing 3, Dkt. No. 44.) Disney claims that the "vendors with whom Disney contracts aim to identify previous versions of Disney's vendor contracts and have attempted to require Disney to modify proposed contract terms in a current contract negotiation to include provisions from a previous contract." (*Id.* at 3–4.) Disney is concerned that future vendors will use the Agreement to try to persuade Disney to include unfavorable contractual terms in future contracts. But Disney remains free to refuse vendor's requests to include prior contract terms in future contracts. The Court is aware that such a refusal would take place in a negotiation and therefore might come with a cost; but the Court is also aware that the terms whose continued confidentiality Disney advocates for are from a contract that is now seven years old and no longer in effect, suggesting that the cost, if any, may not be great.

With the exception of Attachment A, the information contained in the Agreement is not the type of information generally protected by sealing. In a recent decision, *Marden's Ark, Inc. v. UnitedHealth Group., Inc.*, the defendant UnitedHealth Group claimed that disclosure of certain documents would cause competitive harm. 534 F. Supp. 3d 1038 (D. Minn. 2021). UnitedHealth Group claimed that disclosing the documents—which included "information about proprietary terms of agreements and confidential policies with vendors"—would harm their marketplace position. *Id.* at 1048. The court found that "[o]n its face, the information Defendants seek to file under seal is not the type of sensitive information that might typically be subject to an order to seal, such as financial data, proprietary or trade secret information, or personal health details." *Id.* at 1049 (quoting

5

*Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016)). Here, Attachment A, which includes detailed pricing data, contains sensitive business information. However, the rest of the Agreement, including Attachment B, lacks the kind of sensitive information that justifies sealing.

### B. *Tile Shop Holdings, Inc.* is Unpersuasive.

The Agreement prohibits both Parties from disclosing the terms and conditions of the Agreement without the consent of the other party. (Dunlop Decl., Ex. A.) Disney argues that this confidentiality provision within the Agreement weighs against unsealing, citing *Tile Shop Holdings, Inc. v. Allied World Nat'l Assurance Co.* No. 17-CV-776 (ADM/TNL), 2019 WL 2136146 at *1 (D. Minn. May 16, 2019). The Court in *Tile Shop Holdings* found that it was "proper to seal documents that Plaintiff has identified as containing confidentiality clauses[.]" *Id. Tile Shop Holdings* is unpersuasive for two reasons. First, there is no analysis explaining the *Tile Shop* Court's reasoning on this point. *Id.* Second, even if there were an explanation, the facts in that case are not analogous to the facts in this one.

The issue in *Tile Shop Holdings* was whether the plaintiff's admitted violations of SEC regulations gave the defendant, its excess liability insurer, the right to deny coverage under the policy agreement. No. 17-CV-776 (ADM/TNL), 2019 WL 2357044 at *5 (D. Minn. June 4, 2019). The parties disagreed about whether to seal two documents, a merger agreement and a settlement agreement. Joint Motion for Continued Sealing at 26, 42, *Tile Shop Holdings,* No. 17-CV-776 (D. Minn. May 10, 2019), Dkt. No. 248 (laying out the parties' arguments regarding documents filed under seal at Dkt. No. 146 and 183). The two

documents were not at the center of that contracts case. *See Tile Shop Holdings, Inc. v. Allied World National Assurance Co.* No. 17-CV-776 (ADM/TNL), 2019 WL 2357044 at *5–6 (D. Minn. June 4, 2019) (analyzing the policy language in order on summary judgment). The policy was already publicly filed. (*See* Decl. of Anthony J. Alt in Supp. of Def.'s Mot. SJ, Exs. 14–15, Dkt. No. 75-4 at 24–106) The documents at issue in the joint motion for continued sealing were therefore less critical than the documents in this case for the public's understanding of the dispositive motions and orders. In contrast, the litigation here springs from the agreement which is the subject of the motion for continued sealing.

### C. The Presumption of Public Access is Strong.

The presumption of public access to the Agreement is strong because it was filed in support of a dispositive motion (Defendant's Motion to Dismiss for Lack of Jurisdiction, Dkt. No. 17), the District Court considered information within in it in ruling on that motion (Memorandum Opinion 4), and it is a key document in this commercial litigation case. Weighing the public's interest in accessing the Agreement against Disney's interest in maintaining the confidentiality of the information, the Court finds that there is limited information in the Agreement for which there is a compelling reason for continued sealing. The information in Attachment A is the type of sensitive business information that is typically protected by sealing, and the Court has required it to remain sealed. *See Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-cv-968 (DSD/ECW), 2021 WL 5992308, at *3 (D. Minn. July 19, 2021) (finding no protectible information where pricing information was redacted).

## IV. Conclusion

Having reviewed the motions and the sealed document, as well as all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant's Motion for Further Consideration of Continued Sealing (Dk. No. 44) is **DENIED.**

The Court finds that the document contains only limited information for which there is a compelling reason for continued sealing and that a redacted version can be prepared.

1. The Clerk is directed to keep Dkt. No. 22 sealed.
2. On or before May 16, 2023, Defendant is to file a redacted public version of Dkt. No. 22 that redacts only Attachment A.

Date: May 8, 2023                                    *s/ John F. Docherty*
                                                     JOHN F. DOCHERTY
                                                     United States Magistrate Judge