**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CAMBRIA COMPANY LLC,

|                                          |                                         |
|------------------------------------------|-----------------------------------------|
|                                          | Civil No. 22-459 (JRT/JFD)              |
| Plaintiff,                               |                                         |
|                                          |                                         |
| v.                                       |                                         |
|                                          | **MEMORANDUM OPINION AND ORDER**       |
| DISNEY WORLDWIDE SERVICES, INC.,         | **DENYING DEFENDANT'S APPEAL AND**     |
|                                          | **AFFIRMING THE MAGISTRATE JUDGE'S**   |
| Defendant.                               | **ORDER**                               |

---

Bryan R. Freeman and Jeremy Krahn, **MASLON LLP**, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for Plaintiff.

Anna Tobin and Sybil L. Dunlop, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55403, for Defendant.

Cambria Company LLC ("Cambria") brought this action against Disney Worldwide Services, Inc. ("Disney"), alleging that Disney failed to pay more than $500,000 in invoices for quartz slabs that Cambria delivered to Disney.  Disney previously moved to dismiss and included a sealed copy of the parties' purchase agreement (the "Agreement") with its materials in support of the motion.  The Court denied the motion to dismiss. Disney then moved to continue to keep the Agreement under seal, but the Magistrate Judge denied that motion in part, directing that only Attachment A of the Agreement be redacted.  Disney has challenged the Magistrate Judge's decision, asking the Court to keep

the entire Agreement under seal.  Because the Magistrate Judge did not clearly err, the Court will deny Disney's request.

## BACKGROUND

Cambria brought a breach of contract claim against Disney, alleging that Disney owes Cambria more than $500,000 for quartz slabs that Cambria delivered to Disney. (Compl. ¶¶ 1, 10, Feb. 18, 2022, Docket No. 1.)  At the center of the dispute is the parties' "Blanket Purchase Agreement – Quartz Master Agreement" (the "Agreement").  (Compl. ¶ 10.)  Disney submitted a copy of the Agreement under seal with its materials in support of its Motion to Dismiss, which the Court denied.  (Decl. Sybil L. Dunlop, Ex. A (the "Agreement"), June 3, 2022, Docket No. 22; Order Den. Mot. Dismiss, Jan. 17, 2023, Docket No. 39.)  The parties dispute whether the Agreement should remain under seal. (*See* Joint Mot. Regarding Continued Sealing at 2–4, July 29, 2022, Docket No. 36.)

The Agreement itself consists of mostly boiler plate or standard contract terms, but there are attachments that include more detailed information, which are referenced throughout the Agreement.   Attachment A contains information regarding product pricing, Cambria's Rebate Program, and freight terms.  (Agreement at 8–9.)  Attachment B contains terms and conditions related to purchase orders.  (Agreement at 9–12.)

Magistrate Judge John F. Docherty issued an order granting in part and denying in part the Joint Motion Regarding Continued Sealing.  (Order, Jan. 17, 2023, Docket No. 40.) The Magistrate Judge found that the Agreement contains "only limited information for

which there is good cause for continued sealing" and directed Disney to file a public version of the contract, redacting only parts of Attachment A. (*Id.* at 2–3.)

Disney then filed a Motion for Further Consideration of Continued Sealing pursuant to Local Rule 5.6(d), urging the Magistrate Judge to reconsider his ruling. (Mot. Further Consideration of Sealing, Feb. 1, 2023, Docket No. 44.) After considering the parties' arguments, the Magistrate Judge concluded that the competitive harm of unsealing the contract terms is not great and that any harm was not sufficient to overcome the strong presumption of public access as required by law. (Order on Mot. For Further Consideration of Continued Sealing at 4–7, May 8, 2023, Docket No. 62.) Disney has appealed the Magistrate Judge's order denying its Motion for Further Consideration of Continued Sealing. (Def.'s Obj., May 16, 2023, Docket No. 66.)

Disney argues that it will suffer competitive harm if the terms of the Agreement are made public. Specifically, Disney argues that Agreement reveals confidential information regarding Disney's business terms, contractual arrangements, conditions for termination, indemnity responsibilities, and warranty provisions. (*Id.* at 5–6.) Cambria opposes Disney's appeal, arguing that there is no competitive harm because the Agreement's terms are standard, over seven years old, and because Disney made references to its terms on its public filings. (Pl.'s Mem. Opp. Def.'s Obj. at 1–3, May 30, 2023, Docket No. 67.)

-3-

**DISCUSSION**

I.    **STANDARD OF REVIEW**

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Skukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (internal citations omitted). "[T]he district court has inherent power to review the final decision of its magistrates." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

II.    **ANALYSIS**

A Motion for Further Consideration of Sealing is a nondispositive matter under the applicable local rules. *See* LR 5.6(d)(3) ("The motion for further consideration is a nondispositive motion governed by LR 7.1(b)."). Therefore, the Court reviews the Magistrate Judge's determination for clear error.[1]

--------

[1] Disney acknowledges the standard of review is highly deferential but argues that the Court "may" also reconsider any matters decided by the Magistrate Judge. *See In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, No. 15-2666, 2018 WL 3019901, at *1 (D. Minn. June 18, 2018). In this sense, Disney appears to suggest some form of de novo review. This aligns in part with Local Rule 72.2(a)(3), which specifies that the "district judge may also reconsider on

There is a common law presumption of public access to judicial filings, which the Court may refute after weighing the public's interest in access against a party's interest in maintaining confidentiality. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).  The rebuttable presumption of access is harder to overcome for documents filed along with dispositive motions.  *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.,* 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021).  As the Agreement was filed in conjunction with a motion to dismiss, which is a dispositive motion, the Court must consider whether Disney has overcome this heightened burden.

After reviewing the Magistrate Judge's Order and the parties' positions, the Court concludes that the Magistrate Judge did not clearly err and will deny Disney's appeal. Though Disney argues the Magistrate Judge disregarded the direct evidence showing a likelihood of competitive harm, Disney does not identify exactly what evidence was ignored.  The Magistrate Judge considered Disney's argument that the Agreement's business terms and contractual arrangements were sensitive in nature but noted that Attachment A contains most of the sensitive business information—leading the Magistrate Judge to require that portions of Attachment A be redacted.  (Order on Mot. For Further Consideration of Continued Sealing 4–5, 7 (discussing the impact of revealing

------

his or her own any matter decided by the magistrate judge **but not objected to."**  LR 72.2(a)(3). Here, Disney has properly objected to the Magistrate's decision, and therefore the Court finds that the applicable rule is LR 72.2(a)(1), which establishes the "clearly erroneous" standard. LR 72.2(a)(3)(A).

the Agreement's terms on future negotiations for Disney)). The question is not simply whether unsealing the Agreement could impact Disney's future negotiations with vendors. The Court's responsibility is to weigh the parties' interests with the public's interest in accessing judicial records. *IDT Corp.*, 709 F.3d at 1223. Though Disney argues that the public interest is lessened in this case because the Court has already made public the relevant portions of the Agreement, that does not change the analysis. The Court's prior order involved a motion to dismiss and this case is in its early stages. The Agreement will surely be relevant moving forward in ways that the Court may not have considered at the motion to dismiss stage.

The Court finds that the Magistrate Judge thoroughly considered the potential harm to Disney and concluded that it did not outweigh the public interest. Disney did not overcome its heightened burden to seal documents filed along with a dispositive motion. Because the Magistrate Judge did not clearly error, the Court will deny Disney's appeal and affirm the Magistrate Judge's order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection to the Order on Motion for Further Consideration of Continued Sealing Dated May 8, 2023 [Docket No. 66] is **DENIED**, and

2. The Magistrate Judge's Order on Motion for Further Consideration of Continued Sealing [Docket No. 62] is **AFFIRMED.**

DATED:  July 17, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge